[S. F. No. 1949. In Bank—July 21, 1899.]

ED. E. LEAKE, Petitioner, v. E. P. COLGAN, Controller, Respondent.

COMMISSIONER OF PUBLIC WORKS—TERMINATION OF OFFICE.—The office of commissioner of public works was abolished in March, 1899, by the terms of the amendment of 1897 to the act of 1893, creating the office.

ID.—TITLE OF AMENDATORY ACT—CONSTITUTIONAL LAW.—The fixing of the term and tenure of the office, and the duration of its existence, or the abolition thereof after a fixed period, being matters germane to the subject of the original act, they may constitutionally find expression in the amendatory act without specific mention of them in the title of the amendatory act.

PETITION in the Supreme Court for a writ of mandate to the State Controller.

The facts are stated in the opinion of the court.

Judson Brusie, for Petitioner.

Tirey L. Ford, Attorney General, and William M. Abbott, Deputy Attorney General, for Respondent.

THE COURT.—This is a petition for a writ of mandate asking that the controller be directed to draw his warrant in favor

of petitioner as commissioner of public works, for his salary for the month of March, 1899.

In 1893 the legislature created the office of commissioner of public works, defining his duties and powers and fixing the salary, and made an appropriation to carry the purposes of the act into effect. (Stats. 1893, p. 345.) In 1897 the legislature passed an act entitled, "An act to amend an act entitled, 'An act to create a commissioner of public works, defining his duties and powers, prescribing his compensation, and making appropriation,' approved March 24, 1893, relating to the office of the commissioner of public works." Section 2 of this act is as follows: "This act and the act creating a commissioner of public works, defining his duties and powers, prescribing his compensation and making appropriation, approved March 24, 1893, relating to the office of commissioner of public works, of which this act is amendatory; shall cease, terminate, and be at an end on the first day of March, 1899, and the office of commissioner created hereunder and under said act approved March 24, 1893, and all officers and employees appointed by said commission, shall cease, and their employment thereafter shall be discontinued, and the state of California shall in no manner whatever be liable for the compensation of the commissioner, officers, or employees employed by him, or by said commission, after said date." (Stats., 1897, p. 26.)

As to the meaning of this language there is not the least uncertainty. It is contended, however, that the subject matter of this section is not embraced within the title of the act, and that it is therefore void under article IV, section 24, of the constitution, which declares that an act shall embrace but one subject, which subject shall be expressed in its title, and that it shall be void as to matters not so expressed. But the fixing of the term or tenure of office under an act such as this, or the abolition of the office, are matters embraced within, and germane to, the subject of the original act, and they may find an expression in an amendatory act without specific mention of them in the title to such amendatory act. Such is the well-settled rule based upon very obvious considerations. Reference need only be made to Cooley's Constitutional Limitations, 6th

edition, section 3, page 174, and Sutherland on Statutory Construction, section 97, *et seq.*

It is further argued that an act passed by the same legislature at a date later than the one under consideration shows a definite purpose to continue the office beyond the time expressed in the act for its determination. (Stats. 1897, p. 171.) By this last-mentioned act an auditing board for the commission of public works is created; but this amendatory act continued the office in existence for about two years, and there is nothing in the latter act to call for the conclusion that the legislature meant to do other than to regulate the affairs of the office during the remaining period of its existence.

The application for a writ is denied.